Daniel Cotman (SBN 218315)
dan@cotmanlaw.com
Cotman IP Law Group, APLC
120 Newport Center Drive, Suite 40
Newport Beach, CA 92660
Phone: (626) 405-1413

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GROSSMAN, Trustee of the William Coupon Trust dated April 10, 2026,<br><br>                              Plaintiff(s),<br><br>      vs.<br><br>THE TRUSTEES OF PURDUE UNIVERSITY, an Indiana body corporate,<br><br>                              Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMAND**<br><br><br>Judge:<br>Magistrate:<br><br>Trial Date:<br>Dispositive Motion Cutoff:<br>Discovery Cutoff: |

## INTRODUCTION

1.    This is a civil action for copyright infringement under 17 U.S.C. §§ 101 et seq. This action arises from Defendant's unauthorized copying, public display, and distribution of Plaintiff's copyrighted photograph identified herein as the Copyrighted

- 1 -

Work. Defendant has used the Work and failed to provide compensation for its unauthorized use.

## PARTIES

2.　Robert Grossman, Trustee of the William Coupon Trust dated April 10, 2026, ("Plaintiff") is the trustee responsible for owning, managing, and enforcing rights in photographic works created by the late renowned photographer William Coupon, whose works have been widely recognized and celebrated.

3.　The Trustees of Purdue University ("Defendant") is an Indiana body corporate that manages and conducts Purdue University, with its principal place of business at 610 Purdue Mall, West Lafayette, Indiana 47907, United States.

4.　Defendant owns, controls, and/or operates the Purdue-controlled website where the infringing material appears, including the PDF located at https://web.ics.purdue.edu/~drkelly/FamousPhilosophyMajorsPoster.pdf, which is publicly accessible nationwide, including this District.

5.　Plaintiff has never licensed or authorized Defendant, or any of its affiliates or agents, to reproduce, distribute, or display the Copyrighted Work.

## JURISDICTION AND VENUE

6.　This is a civil action seeking damages and injunctive relief for copyright infringement under 17 U.S.C. §§ 101 et seq.

7.　This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyrights).

- 2 -
COMPLAINT FOR COPYRIGHT INFRINGEMENT

8. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1400(a) because Defendant resides or may be found in this District for purposes of venue. Defendant has purposefully directed activities toward California residents, including through admissions and recruitment outreach directed to Southern California, online educational programs accessible to California residents, alumni engagement and university-related activities in Los Angeles and Orange County, and Purdue-controlled online content, including the infringing material, accessible in this District.

9. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of conducting activities in California, including by directing admissions and recruitment outreach to Southern California, offering online educational programs accessible to California residents, engaging the alumni and university-related communities in Los Angeles and Orange County, and distributing Purdue-controlled online content, including the infringing material, accessible to users in California.

10. In addition, Defendant has purposefully directed activities toward California and this District. Purdue's admissions resources identify admissions counseling for applicants by location, including a West Coast/Southern California admissions territory. Purdue also offers distance education and online programs, and Purdue states that, through SARA, it may provide distance education to residents of other SARA member states. Purdue further maintains alumni engagement in this

- 3 -
COMPLAINT FOR COPYRIGHT INFRINGEMENT

District through the Purdue Alumni Club of Los Angeles/Orange County, which Purdue for Life identifies as consisting of more than 14,000 alumni, friends, and fans in the Los Angeles/Orange County areas. These contacts further support Defendant's purposeful availment of California and this District.

## FACTUAL ALLEGATIONS

### The Importance of Copyright and Bundle of Rights

11.    Copyrights protect original works of authorship by granting copyright owners a bundle of exclusive rights, including the rights to reproduce, distribute, publicly display, and authorize the use of those works.

12.    Section 106 of the Copyright Act ("the Act") grants copyright owners the exclusive rights of reproduction, distribution, and public display of their work. The Act makes it unlawful to publicly display, distribute, or reproduce a copyrighted work except in limited instances, and it provides for actual or statutory damages for violations.

13.    In 1976, the Act was amended to give creators, such as the late William Coupon, an automatic copyright in original photographs upon creation.

14.    The late William Coupon was a renowned portrait photographer recognized for his distinctive formal portraiture of artists, musicians, political figures, cultural figures, and communities around the world. During his career, Coupon photographed numerous prominent subjects, including Mick Jagger, George Harrison, Jean-Michel Basquiat, Miles Davis, Elie Wiesel, and multiple United

- 4 -

States Presidents. His work appeared on magazine covers and in major publications, including Time, Newsweek, Rolling Stone, and The New York Times Sunday Magazine.

15.     Plaintiff's predecessor filed for and was granted a copyright registration for the Copyrighted Work at issue in this lawsuit.

16.     The late William Coupon is the author of the photographic work at issue, and Plaintiff's predecessor is the copyright claimant and owner of the work under U.S. Copyright Registration No. VAu001187793, with an effective date of registration of 10/10/2014. *See* **Exhibit A**.

17.     This image is displayed and distributed without authorization on Defendant's website, "https://web.ics.purdue.edu/~drkelly/FamousPhilosophyMajorsPoster.pdf". Defendant has used and continues to use the Copyrighted Work without authorization and has failed to compensate Plaintiff for such unauthorized use. *See* **Exhibit B.**

18.     Plaintiff never granted a license or authorization for the use of the Copyrighted Work.

19.     Defendant's unauthorized display and distribution of the Copyrighted Work devaluates the market for legitimate licensing and harms Plaintiff's exclusive rights.

## CAUSE OF ACTION

- 5 -

## COUNT I

### (Infringement of Copyright – 17 U.S.C. §§ 101 et seq.)

20.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

21.     Plaintiff holds the exclusive right to enforce the copyright of the image shown in **Exhibit C** ("the Copyrighted Work"), which, upon information and belief, was registered prior to Defendant's infringement and prior to the filing of this lawsuit.

22.     Plaintiff has never provided authorization to Defendant, its officers, agents, licensees, affiliates, employees, or contractors to use, copy, publicly display, distribute, license, manipulate, or otherwise exploit the Copyrighted Work.

23.     Defendant directly infringed Plaintiff's copyright by using, copying, publicly displaying, distributing, and otherwise exploiting the Copyrighted Work without Plaintiff's authorization.

24.     As a direct and proximate result of Defendant's infringing acts, Plaintiff has suffered damages, including but not limited to lost licensing fees and harm to the market value of the Copyrighted Work.

25.     Defendant's actions constitute direct infringement. Unless enjoined, Defendant will continue to infringe Plaintiff's copyright by reproducing, displaying, distributing, and using the Copyrighted Work without authorization or payment.

26.    Defendant exercises complete control over the images and content published on its website. By selecting and publishing Plaintiff's photograph, Defendant caused infringing material to be distributed and made available to the public through its website.

27.    Upon information and belief, Defendant's unauthorized use of the Copyrighted Work was willful, intentional, or in reckless disregard of Plaintiff's rights, and caused Plaintiff damages, including lost licensing fees and harm to the market value of the Copyrighted Work.

28.    As a result of Defendant's infringement, Plaintiff has suffered actual damages. Upon information and belief, Defendant has also benefited from its unauthorized use, including by incorporating the Copyrighted Work into Purdue-controlled online content made available to the public.

29.    Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover the actual damages it has suffered and any profits of Defendant that are attributable to the infringement and not taken into account in computing actual damages.

30.    Alternatively, pursuant to 17 U.S.C. § 504(c)(2), as a result of Defendant's willful infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover statutory damages of up to $150,000 per infringed work.

31.    Plaintiff is also entitled to recover costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

32.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by this Court.

33.     Accordingly, Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting the infringement of Plaintiff's exclusive rights in the Copyrighted Work by Defendant and all persons acting in concert with Defendant.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

34.     That Plaintiff be awarded actual damages and Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), or in the alternative, statutory damages of up to $150,000 per infringed work pursuant to 17 U.S.C. § 504(c);

35.     That Defendant and its agents, employees, representatives, and all persons acting in concert with Defendant be enjoined from infringing Plaintiff's rights in the Copyrighted Work in any manner;

36.     That Defendant provide a full accounting of any profits, benefits, or other gains attributable to its unauthorized use of the Copyrighted Work;

37.     That Plaintiff be awarded costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

38.     That Plaintiff be awarded pre-judgment interest as allowed by law;

- 8 -

COMPLAINT FOR COPYRIGHT INFRINGEMENT

39.     That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the Constitution.

DATED: July 10, 2026          By:   /s/ Daniel Cotman/

Daniel C. Cotman (SBN 218315)
dan@cotmanlaw.com
Cotman IP Law Group, APLC
120 Newport Center Drive, Suite 40
Newport Beach, CA 92660
Phone: (626) 405-1413
Attorney for Plaintiff

COMPLAINT FOR COPYRIGHT INFRINGEMENT